OPINION
{¶ 1} Appellant, Dan E. Diamond, appeals from the July 25, 2002 judgment entry, in which the Trumbull County Court of Common Pleas, Domestic Relations Division, overruled his objections to the magistrate's report ordering appellee, Shawn Marie Diamond, to pay $270 per month in child support plus an additional $100 per month on arrears until paid in full despite her voluntary underemployment.
 {¶ 2} Appellant and appellee were married on March 4, 1984. Two children were born as issue of the marriage: Carly, d.o.b., March 16, 1984, and Zachary, who was born on August 9, 1988. On March 30, 1998, appellee filed for divorce on the grounds of incompatibility and irreconcilable differences. On May 12, 1999, the parties were granted a divorce. In that decree, appellant was granted custody of Zachary, and the parties were to share parental rights and responsibilities of Carly. However, after a hearing was held, in an entry journalized on October 13, 1999, the trial court concluded that appellee would be given custody and designated the residential parent of Carly.
 {¶ 3} A hearing was held before a magistrate on March 7, 2000, on appellant's motion for child support. At that hearing, the parties stipulated that Zachary was a behaviorally challenged child and that according to appellant, his condition was a great deal extra to treat. It was also revealed that appellee was a trained registered nurse with about twenty-two years of experience. She had remarried and taken a job at a bookstore earning roughly $6 per hour because she claimed that she was physically unable to perform the daily duties of a registered nurse. The court imputed income of $26,000 to appellee pursuant to R.C.3113.215(A)(5)(a), since she was voluntarily underemployed. In a June 20, 2000 decision, the magistrate recommended that appellant needed an additional $300 in costs for daycare, extracurricular activities, and therapy to care for Zachary. In an entry dated June 28, 2000, the trial court ordered that pursuant to R.C. 3113.215, appellee should pay appellant $128 per month for Zachary commencing on January 1, 2000, and that any uninsured or unreimbursed medical, dental, optical, counseling, or prescription drug expenses be split in half for Carly and Zachary.
 {¶ 4} On July 6, 2000, appellant filed objections to the magistrate's decision. The trial court overruled objections on July 11, 2000. On September 7, 2000, appellant moved for a reallocation of the parental rights and responsibilities of Carly. On September 11, 2000, the trial court designated appellant residential parent and legal custodian of Carly. The court further indicated that it would discuss the issue of child support at a later date. In a magistrate's decision dated November 1, 2000, based on the child support guidelines, appellee was ordered to pay $284 per month for each child. Income was imputed to appellee.
 {¶ 5} On May 8, 2002, appellee filed a motion to terminate child support/motion to modify child support since Carly would be emancipated on June 9, 2002, after her high school graduation. A hearing on the motion was held on June 28, 2002, before the magistrate. At the hearing, appellee testified that she voluntarily relinquished her license for a three-year period, until March 10, 2003. She explained that the State Board of Nursing in Florida was seeking the suspension of her license. She relinquished her license for the three-year period because she was concerned that she would permanently lose her license and because she did not have the money to fight the suspension. She further revealed that she was employed as an office assistant in a doctor's office where she was earning $10 per hour, and she worked an average thirty-seven hours a week. She stated that if she were licensed as a nurse in Florida, she would be making $20 an hour and she would work thirty-six hours per week. In 1999, appellee earned about $36,000 per year as a registered nurse.
 {¶ 6} Appellant indicated that his income from January 2002, to May 25, 2002, was $15,082 and that he earned $28,604.07 in 2001. Based on those figures, the magistrate projected that appellant's 2002 income would be $34,651. Appellant also testified as to the amount that it cost him to provide health insurance for the children.
 {¶ 7} In a magistrate's decision dated July 3, 2002, it was determined that Carly was emancipated and that appellee was not underemployed. Further, as of May 8, 2002, appellee was to pay $270 per month until further order of the court, and additional $100 per month in arrears until the arrearage was paid in full. The trial court adopted the magistrate's decision on July 3, 2002. Appellant filed objections to the magistrate's decision on July 17, 2002. On July 25, 2002, the trial court overruled the objections. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 8} "[1.] The trial court erred in ordering the modification of the support obligation to be effective one month prior to the oldest child's emancipation.
 {¶ 9} "[2.] In determining the amount of child support, the trial court abused its discretion in determining that the obligor was not voluntarily underemployed and in failing to impute income to her."
 {¶ 10} Under the first assignment of error, appellant alleges that the trial court erred in ordering the child support modification to be effective May 8, 2002, which was one month before Carly was emancipated.
 {¶ 11} Generally, the duty to support one's child terminates when the child reaches the age of majority, which is eighteen; however, that duty is extended as long as the child continuously attends any recognized and accredited high school on a full-time basis. R.C. 3103.03(B); Quinnv. Quinn (Dec. 17, 1999), 11th Dist. No. 98-G-2185, 1999 WL 1313621, at 2.
 {¶ 12} Therefore, even though Carly turned eighteen on March 16, 2002, she was still in high school until her graduation on June 9, 2002. Therefore, appellee was required to support her until that time. Appellee concedes to this fact. Hence, appellant's first assignment of error is sustained. On remand, the trial court should modify its judgment entry to reflect that support for Carly would not terminate until June 9, 2002, the date when Carly would be emancipated. This would result in appellant receiving an extra month of support from May 8, 2002 to June 9, 2002.
 {¶ 13} For his second assignment of error, appellant argues that the trial court erred in failing to find that appellee, the obligor, was voluntarily underemployed, and thus, failing to impute income to her since the court previously determined that she was voluntarily underemployed.
 {¶ 14} The question of whether a parent is voluntarily unemployed or voluntarily underemployed for purposes of the calculation of child support is a question of fact for the trial court, and absent an abuse of discretion, that factual determination will not be disturbed on appeal.Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. To ensure that a parent makes employment decisions for the right reasons and not to avoid his or her child support obligations, a parent must be able to prove an "`objectively reasonable basis'" for terminating or otherwise diminishing employment. Franks v. Franks (June 15, 2001), 11th Dist. No. 2000-P-0015, 2001 WL 687486, at 4, citing Koogler v. Koogler (July 18, 1997), 2d Dist. No. 16253, 1997 WL 435691, at 4. Reasonableness is measured by examining the effect of the parent's decision on the interests of the child. Id.
 {¶ 15} The voluntary reduction is not sufficient in and of itself to establish that income should be imputed. Woloch v. Foster (1994),98 Ohio App.3d 806, 811. The test is not only whether the change was voluntary, but also whether it was made with due regard to one's income-producing abilities and her duty to provide for the continuing needs of the child concerned. Id.
 {¶ 16} In the instant matter, the trial court determined that appellee was not voluntarily underemployed for the time frame referenced. Although she took a lesser paying job, it is our view that the trial court determined that this was done because appellee's nursing license was revoked until March 2003. The record revealed that she could earn about $20 per hour, but instead she was making $10 an hour. Appellee further testified that even though she voluntarily relinquished her nursing license, she did so in lieu of risking a permanent revocation of it. In addition, appellee sought work in the medical field, versus a bookstore as she did before when the trial court imputed income to her. Therefore, she was using her training, education and skills in nursing in her job as an office assistant in a physician's office. Hence, there was no abuse of discretion in the trial court's decision to deny appellant's request to modify appellee's child support obligation. Since there is sufficient evidence to support the trial court's ruling, we conclude that the trial court did not abuse its discretion. Appellant's second assignment of error is overruled.
 {¶ 17} For the foregoing reasons, appellant's first assignment of error is well-taken, and appellant's second assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.